# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN M. SILL,<br># B83157,<br><br>      Plaintiff,<br><br>vs.<br><br>JILL MOORE, and<br>JOHN DOE,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 18−cv−405−JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at Menard Correctional Center. Plaintiff brings claims pertaining to his arrest and subsequent detention at the Saline County Jail ("Jail"). In connection with his claims, Plaintiff names Jill Moore (Medical Supervisor, Jail) and John Doe (Physician, Jail).

This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On January 24, 2017, Plaintiff was arrested and detained at the Jail. (Doc. 1, p. 5). Prior to being arrested, Plaintiff had been prescribed medication "that worked for [him]." *Id.* Plaintiff asked "the medical staff (Jill Moore)" if he could receive the same medication. *Id.* Apparently, Moore declined to provide Plaintiff with unspecified "mental illness" medication. *Id.* However, Plaintiff did receive Lithium,[1] Cogentin,[2] and Gabapentin.[3] *Id.* Plaintiff "talked to them" but "they still said no." *Id.* Plaintiff also wrote to "the CPT" but did not receive a response. *Id.*

---

[1] Lithium treats mania as part of bipolar disorder. *See* Lithium (Oral Route), MAYO CLINIC, available at https://www.mayoclinic.org/drugs-supplements/lithium-oral-route/description/drg-20064603 (last visited March 9, 2018).
[2] Cogentin is the brand name for Benztropine. Benztropine is used to improve muscle control in patients with Parkinson's disease and used to control severe reactions to certain medicines that are used to treat nervous, mental, and emotional conditions. *See* Benztropine (Oral Route), MAYO CLINIC, available at https://www.mayoclinic.org/drugs-supplements/benztropine-oral-route/description/drg-20072652 (last visited March 9, 2018).
[3] Gabapentin is used to prevent seizures and relieve pain for certain conditions. *See* Gabapentin (Oral Route), MAYO CLINIC, available at https://www.mayoclinic.org/drugs-supplements/gabapentin-oral-route/description/drg-20064011 (last visited March 9, 2018).

**Designation of Counts**

Based on the allegations of the Complaint, the Court has divided the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion as to merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice under the *Twombly* pleading standard.

> **Count 1:** Inadequate medical care claim against Moore and John Doe for declining to provide unspecified medication.
>
> **Count 2**: Claim for inadequacies in the grievance procedure at the Jail.

**Count 1**

**Applicable Legal Standard**

Before screening Count 1, the Court must first consider what legal standard applies. The applicable standard depends on Plaintiff's status as an arrestee, pretrial detainee, or convicted prisoner on the date of the alleged constitutional deprivations. *Collins v. Al-Shami,* 851 F.3d 727, 731 (7th Cir. 2017). The Fourth Amendment applies to the period of confinement between a warrantless arrest and the probable-cause determination; the Due Process Clause of the Fourteenth Amendment governs after the probable-cause determination has been made; and the Eighth Amendment applies after a conviction." *Id.* (citations omitted).

Plaintiff's legal status at the time of the alleged violations is unclear. If Plaintiff was an arrestee, the Fourth Amendment's objective reasonableness standard governs his inadequate medical care claim. *See Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013) ("objectively reasonable" standard applies to medical care claims brought by arrestees who have not yet had a

probable cause hearing). If Plaintiff was a detainee, his claims derive from the Fourteenth Amendment's guarantee of due process. *See Hughes v. Farris*, 809 F.3d 330, 334 (7th Cir. 2015).

In the past, the Seventh Circuit applied the deliberate-indifference standard derived from the Eighth Amendment to Fourteenth Amendment inadequate medical care claims. *Collins v. Al-Shami*, 851 F.3d 727, 731 (7th Cir. 2017). The deliberate indifference standard "includes both an objective and subjective component and thus is more difficult to satisfy than its Fourth Amendment counterpart, which requires only that the defendant have been objectively unreasonable under the circumstances." *Id.* (citations omitted). The propriety of applying this more stringent standard to Fourteenth Amendment claims was recently called into question by *Kingsley v. Hendrickson,* 135 S. Ct. 2466 (2015), "which applied a purely objective standard to a detainee's excessive-force claim without regard to any subjective component." *Smego v. Jumper*, 707 F. App'x 411, 412 (7th Cir. 2017) (citing *Collins*, 851 F.3d at 731). However, *Kingsley* was an excessive force case, and the Seventh Circuit has not decided whether the objective reasonableness standard applies to cases involving inadequate medical care. *See Collins*, 851 F.3d at 731 (expressly declining to resolve the issue); *Smego*, 707 F. App'x at 412 (same).

In the instant case, at screening, the Court need not resolve (1) whether Plaintiff was an arrestee or pretrial detainee at the time of the alleged constitutional violations or (2) whether, if Plaintiff was a detainee, the standard applicable to Plaintiff's medical claim. This is because, as is set forth more fully below, the Court finds that Count 1 fails to state a claim regardless of which standard applies.

**Discussion**

As an initial matter, Plaintiff does not allege any personal involvement by John Doe – he is not even mentioned in the body of the Complaint. As such, Count 1 fails to state a claim as to John Doe. *See Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (to establish liability, a plaintiff must show that a defendant personally participated in the constitutional deprivation at issue); *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (Merely invoking the name of a potential defendant in the caption of the complaint is not sufficient to state a claim against that individual.).

Defendant Moore is referenced in the body of the Complaint. However, the allegations directed against Moore fail to state a claim – even under the less stringent objective unreasonableness standard. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case' " viewed from the perspective of a reasonable person in the shoes of the defendant. *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). In the context of a medical needs case, whether an official acted reasonably is determined by four factors: (1) whether the official had notice of the plaintiff's medical needs; (2) the seriousness of the medical needs; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns. *Williams v. Rodrigquez,* 509 F.3d 392, 403 (7th Cir. 2007). The severity of the medical condition under this standard need not be objectively serious. *Ortiz v. City of Chicago*, 656 F.3d 523, 531 (7th Cir. 2011). Rather, "the Fourth Amendment's reasonableness analysis operates on a sliding scale, balancing the seriousness of the medical need with ... the scope of the requested treatment." *Id.*

Here, Plaintiff merely alleges that, prior to being incarcerated, he had been prescribed medication "that worked for [him]." Plaintiff complains that Moore did not prescribe him with

5

his "mental illness" medication. However, he also indicates that Moore prescribed three medications (at least two of which are used in the treatment of mental illness). These allegations, standing alone, do not suggest that Moore acted in an objectively unreasonable manner with regard to Plaintiff's medical needs. Plaintiff does not identify the medication he was denied or the condition the medication was prescribed to treat. Additionally, to the extent that Moore denied Plaintiff a medication needed to treat a medical need, it is not clear that Moore was on notice about that need. At most, Plaintiff's vague allegations suggest dissatisfaction with Moore choosing to prescribe some but not all of the medications that "worked for [him]." This is insufficient.

For these reasons, Count 1 shall be dismissed without prejudice as to John Doe and Moore. Under the facts alleged here, it is questionable whether Plaintiff can state a viable claim for relief. Nevertheless, the Court will give Plaintiff an opportunity to file an amended complaint.

## Count 2

Plaintiff's allegations pertaining to inadequacies in the grievance process fail to state a claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

For this reason, Count 2 shall be dismissed with prejudice.

### Motion to Appoint Counsel

Plaintiff has filed a Motion to Appoint Counsel (Doc. 3), which is hereby **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. As to the second question, Plaintiff states that he does not "understand what is going on" and that he "has mental issues." (Doc. 3). Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The Complaint demonstrates an ability to construct coherent sentences and to draft a pleading describing how the Defendants failed to provide Plaintiff with adequate medical

care. At this juncture, the Court is merely concerned with whether this action can get out of the gate, so to speak. All that is required is for Plaintiff to provide additional information regarding the alleged inadequate medical care. Therefore, the recruitment of counsel is not warranted at this time and the motion is denied. The Court will remain open to the appointment of counsel in the future.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED** with prejudice with respect to **COUNT 2** and without prejudice with respect to **COUNT 1,** all for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **April 18, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (i.e. 18-cv-405-JPG).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

(7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 21, 2018**

<u>s/J. Phil Gilbert</u><br>
**J. PHIL GILBERT**<br>
**United States District Judge**