# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN M. SILL, #B83157, | ) ) ) |
| Plaintiff, | ) ) ) Case No. 18-cv-405-JPG |
| vs. | ) ) |
| JILL MOORE, and JOHN DOE, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On February 15, 2018, Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brought claims pertaining to his arrest and subsequent detention at the Saline County Jail. The Complaint did not survive preliminary review, and Plaintiff was directed to file an amended complaint on or before April 18, 2018. (Doc. 18). Plaintiff was warned that failure to file an amended complaint would result in dismissal of this action. *Id.* That deadline has now passed. Plaintiff has not filed an amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

1

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur an additional "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly

**IT IS SO ORDERED.**

**DATED: 5/9/2018**

s/J. Phil_Gilbert<br>
**United States District Court**