# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHAN M. SILL,<br># B83157,<br><br>      Plaintiff,<br><br>vs.<br><br>JILL MOORE, and<br>CHARLES DAVID PAULIUS,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 18−cv−405−JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently incarcerated at Menard Correctional Center. Plaintiff brings claims pertaining to his arrest and subsequent detention at the Saline County Jail ("Jail"). In connection with his claims, Plaintiff names Jill Moore (Medical Supervisor, Jail) and Charles David Paulius (Physician, Jail). The original Complaint did not survive preliminary review. (Doc. 8).[1] Plaintiff filed an Amended Complaint on May 10, 2018. (Doc. 12). The Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

---

[1] Count 1 (inadequate medical care claim) was dismissed without prejudice and with leave to amend. Count 2 (claim pertaining to inadequacies in the grievance process) was dismissed with prejudice.

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Amended Complaint**

On January 24, 2017, Plaintiff was arrested and detained at the Jail. (Doc. 12, p. 5). Prior to being arrested, Plaintiff had been prescribed medication to treat his mental illness and that medication "worked for [him]." *Id.* Plaintiff told Moore and Paulius about his preferred medication. *Id.* Paulius refused to prescribe Plaintiff's preferred mental health medication. *Id.* However, Plaintiff did receive "[his] Lithium,[2] Cogentin,[3] and Gabapentin.[4] *Id.* Plaintiff "talked to them" regarding medication for his mental illness, but "they still said no." *Id.*

---

[2] Lithium treats mania as part of bipolar disorder. *See* Lithium (Oral Route), MAYO CLINIC, available at https://www.mayoclinic.org/drugs-supplements/lithium-oral-route/description/drg-20064603 (last visited July 27, 2018).

[3] Cogentin is the brand name for Benztropine. Benztropine is used to improve muscle control in patients with Parkinson's disease and used to control severe reactions to certain medicines that are used to treat nervous, mental, and emotional conditions. *See* Benztropine (Oral Route), MAYO CLINIC, available at https://www.mayoclinic.org/drugs-supplements/benztropine-oral-route/description/drg-20072652 (last visited July 27, 2018).

[4] Gabapentin is used to prevent seizures and relieve pain for certain conditions. *See* Gabapentin (Oral Route), MAYO CLINIC, available at https://www.mayoclinic.org/drugs-supplements/gabapentin-oral-route/description/drg-20064011 (last visited July 27, 2018).

**Discussion**

Based on the allegations of the Amended Complaint, the Court divides the *pro se* action into a single count. Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice under the *Twombly* pleading standard.[5]

> **Count 1:** Inadequate medical care claim against Moore and John Doe for declining to provide unspecified medication.

In his Amended Complaint (Doc. 12), with the exception of specifying that Paulius is the staff member who denied Plaintiff's requested medication, Plaintiff has wholly failed to expand upon the allegations in the original Complaint (Doc. 1). Plaintiff claims that he informed Defendants about the "meds" that "worked for [him]" in treating his "mental illness." But, once again, he does not describe what mental health medications were previously prescribed or what serious condition they were prescribed for. Without additional factual allegations, Plaintiff's conclusory statement does not establish that he made either Defendant aware of a serious medical need at that time. Nor does he describe any obvious symptoms that demanded treatment with a specific medication. *See Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005) (defining a serious medical condition). Further, the Amended Complaint is devoid of any allegations suggesting deliberate indifference on the part of either Defendant. At most, Plaintiff's allegations suggest a difference of opinion between him and the Defendants regarding medically appropriate medications for Plaintiff's unknown mental health condition. This type of disagreement does not support a claim for deliberate indifference. *See Forbes v. Edgar*, 112

---

[5] To the extent that Plaintiff is attempting to revive claims pertaining to an inadequate grievance process at the Jail, such claims were previously dismissed with prejudice and will not be discussed again in this Order.

F.3d 262, 267 (7th Cir. 1997); *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006). As such, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.[6]

The failure of the Amended Complaint to state a colorable constitutional claim begs the question, should Plaintiff be given another opportunity to plead his case? Leave to amend need not be granted when further amendment would be futile. *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011). "[F]utile repleadings include restating the same facts using different language, *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1983), reasserting claims previously determined, *id*., failing to state a valid theory of liability, *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979), and the inability to survive a motion to dismiss, *Glick v. Koenig*, 766 F.2d 265, 268 (7th Cir. 1985)." *Garcia v. City of Chicago, Ill*., 24 F.3d 966, 970 (7th Cir. 1994). Giving Plaintiff leave to amend would be futile in this case. The Amended Complaint brings the same conclusory allegations with little or no elaboration. Accordingly, Plaintiff will not be given leave to amend, and this case will be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 12), and this case, are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

---

[6] As the Court explained in its previous dismissal order (Doc. 8), the Eighth Amendment standard for deliberate indifference for convicted prisoners has historically been applied to pretrial detainees' inadequate medical care claims under the Fourteenth Amendment Due Process Clause. The Supreme Court's ruling in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), has created some uncertainty on this issue and suggests that objective reasonableness *may* be the appropriate standard. However, even if the correct standard is objective reasonableness, the Court finds that the Amended Complaint fails to state a claim upon which relief may be granted.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. SEE FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 30, 2018**

    **s/J. Phil Gilbert**
    **J. PHIL GILBERT**
    **United States District Judge**